UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE McCOY,

     Plaintiff,

                              Case No. 06-10837-DT

v.

                              HONORABLE DENISE PAGE HOOD

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF CORRECTIONS,
JEANNE HIGGINS, KENNETH ROMANOWSKI,
GERALD CONWAY, EDDIE CARGOR,
KATHY WARNER and JOHN JUNGLING,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR RECONSIDERATION

     This matter is before the Court on Plaintiff Freddie McCoy's Motion for Reconsideration of the Court's March 16, 2012 Order granting in part and denying in part Defendants' Motion to Dismiss or for Summary Judgment.  The Court dismissed all claims, except for the Title VII retaliation claim against the Defendant employer, State of Michigan and/or the Michigan Department of Corrections.  (Doc. No. 92).

     The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2).  The Local Rule further states:

          (3)  **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the

court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re*consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

McCoy asserts that the Title VII Race Discrimination and Equal Protection Claims must proceed. McCoy claims that the Court "completely ignored the mountain of other evidence" submitted by McCoy to support his claim, specifically ignoring the deposition testimony of three individuals who were similarly situated to McCoy but were treated differently than McCoy.

Defendants in their motion raised the issue that McCoy failed to point to any individual leaving his or her post and abandoning an entire housing unit knowing that the only other corrections officer on the unit was away from his or her post. (Doc. No. 92, Order, p. 9) The Court found that McCoy does not identify any specific employee who was not disciplined for leaving his or her post without proper duty coverage who were not disciplined. (*Id.*) A review of McCoy's brief in opposition to the Defendants' Motions to Dismiss or For Summary Judgment shows that McCoy failed to identify such a comparable in either of his response briefs. McCoy only stated, without specifically identifying a comparable, that "the evidence presented clearly illustrates that Plaintiff was treated differently than his white co-workers and that he was the victim of disparate treatment." (Doc. 85, Resp., p. 14) In his response to the individual Defendants' motion, McCoy does not

2

address the comparable employee issue nor does he identify a comparable employee.  (Doc. 86, Resp. pp. 13-20).  McCoy's Motion for Reconsideration on the comparable employee issue is denied.

McCoy also asserts that the Elliott-Larsen Civil Rights race discrimination claim must also proceed since the Court did not address this claim specifically.  It is noted that McCoy in his response brief asserts that "'[c]ases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases.'  *Rodriguez v FedEx Freight East Inc. (*In re Rodriguez)*, 487 F.3d 1001, 1007 (6th Cir. 2007) (quoting *Humenny v Genex Corp.,* 390 F.3d 901, 906 (6th Cir. 2004))."  (Doc. No. 86, Resp., p. 20).  McCoy is, therefore, well aware that claims under both the Elliott-Larsen Civil Rights Act and Title VII are analyzed in the same manner.

The Court agrees that although it specifically noted that the elements of a *prima facie* case under Title VII and the Elliott Larsen claims are the same, the Court did not specifically address the Elliott Larsen claims in the order portion of the Order.  To be clear, McCoy's race discrimination claims under both Title VII and the Elliott-Larsen Civil Rights Act are dismissed for failure to state a *prima facie* case.  The only remaining claims to proceed to trial are McCoy's retaliation claim against his employer under both Title VII and the Elliott-Larsen Civil Rights Act.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration **(Doc. No. 94, filed March 30, 2012)** is GRANTED as to further clarifying the Court's March 16, 2012 Order and DENIED as to the relief sought.  The only remaining claims for trial are Plaintiff's retaliation claim against his employer under both Title VII and the Elliott-Larsen Civil Rights Act.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 11, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager