UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE McCOY,

    Plaintiff,

                                        Case No. 06-10837-DT

v.

                                        HONORABLE DENISE PAGE HOOD

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF CORRECTIONS,
JEANNE HIGGINS, KENNETH ROMANOWSKI,
GERALD CONWAY, EDDIE CARGOR,
KATHY WARNER and JOHN JUNGLING,

    Defendants.

_____/

**ORDER DENYING MOTION FOR FRCP 54(b) CERTIFICATION FOR APPEAL**
**(Docketed as a Motion for Certificate of Appealability)**

       This matter is before the Court on Plaintiff Freddie McCoy's Motion for Fed. R. Civ. P. 54(b) Certification for Appeal (Docketed as a Motion for Certificate of Appealability) filed June 6, 2012. McCoy seeks an entry of final judgment under Rule 54(b) on the dismissed claims and defendants asserting he will appeal the dismissed claims. No response has been filed to the motion.

       Rule 54(b) was designed to facilitate the entry of judgment on one or more claims or as to one or more parties, in a multi-claim/multi-party action, where a party demonstrates a need for making review on some of the claims or parties before entry of final judgment as to all. *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.,* 807 F.2d 1279, 1282 (1986). The district court has the discretion to enter a final judgment under Rule 54(b) but such certification can be reversed by an appellate court for abuse of that discretion. *Id.* The district court's power under Rule 54(b) is not to be used routinely, but confers upon the trial judge such power only in the infrequent

harsh case as an instrument for the improved administration of justice. *Id.* Granting a Rule 54(b) certification by the district court does not give the Court of Appeals automatic appellate jurisdiction if the certification was improper. *Lowery v. Federal Exp. Corp.,* 426 F.3d 817, 820 (6th Cir. 2005).

To comply with Rule 54(b), a district court must consider two requirements. First, the district court initially must expressly direct the entry of final judgment as to one or more but fewer than all of the claims in the case, which is reviewed by the Court of Appeals *de novo*. *GenCorp., Inc. v. Olin Corp.,* 390 F.3d 433, 442 (6th Cir. 2004). Then secondly, the district court must determine whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion fo the case in its entirety and it must spell out its reasons for concluding that prompt review is preferable, reviewed by the Court of Appeals for an abuse of discretion. *Id.*

In considering the first requirement that a final judgment should be entered in one or more but fewer claims or parties, a "claim" denotes the "aggregate of operative facts which give rise to a right enforceable in the courts" even if the party has raised different theories of relief. *Id.* Even if an issue considered for Rule 54(b) certification may be "separate and distinct" from other issues remaining in the case such issue may be unsuitable for immediate appeal, especially if the issues are "related." *Lowery,* 426 F.3d at 821. In *Lowery,* the Sixth Circuit Court of Appeals found that the district court abused its discretion in granting a Rule 54(b) certification on a dismissal of a Title VII claim where there remained a breach of contract claim because both claims or causes of action arose out of the same aggregate of operative facts and sought to recover the same underlying injury. *Id.*

Here, the Court dismissed five claims and all the individual defendants: 1) Title VII race discrimination claim; 2) Fourteenth Amendment Equal Protection claim; 3) Fourteenth Amendment Due Process Violation claims; 4) First Amendment claim; and 5) Elliot-Larsen Civil Rights Act race

2

discrimination claim. Although each cause of action dismissed is a separate claim, all of the claims are related and all arose out of the same aggregate of operative facts as to the remaining retaliation claims under Title VII and the Elliot-Larsen Civil Rights Act. The facts all stem from the actions by Defendant State of Michigan and the individual Defendants and how McCoy was treated by these Defendants. The Court finds that McCoy has not shown that the facts in the dismissed claims do not arise from the same facts that form the basis of the remaining claims to be tried. The Court declines to enter judgment as to the dismissed claims.

As to the second requirement–that the district court determine that there is no just reason for delay. To avoid a finding of abuse of discretion, a district court should do more than just recite the Rule 54(b) formula of "no just reason for delay." *Corrosioneering,* 807 F.2d at 1282. The district court considers judicial administrative interests as well as the equities involved to determine whether the present needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety. *Lowery,* 426 F.3d at 822. The district court should consider the following nonexhaustive list of factors in making this determination:

> (1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering,* 807 F.2d at 1283.

Addressing the first factor, the relationship between the adjudicated and unadjudicated

3

claims are intertwined since, as noted above, the facts are the same. The interrelationship of the claims themselves weighs heavily against certification under Rule 54(b). *Lowery,* 426 F.3d at 822.

The second and third factors, the possibility that the need for review might or might not be mooted by future developments in the district court and the possibility that the reviewing court might be obliged to consider the same issue a second time, weigh against McCoy. The Court finds that if the Sixth Circuit were to review the dismissed claims and either affirms or reverses this Court's dismissal of those claims, the matter will again be remanded to either try the remaining current claims or try the remaining current and reversed claims. After a trial, the losing party has a right to appeal the judgment. The Court finds that if the Court were to enter judgment on the dismissed claims and allow McCoy to appeal the dismissed claims, this action would not moot out any future proceedings before this Court or any further review by the Sixth Circuit.

The fourth and fifth factors are not at issue in this case since there are no counterclaims and no miscellaneous factors identified by McCoy. There would be further delay if the Court were to allow an appeal in this matter. Economic and solvency considerations as to the remaining defendant are not at issue. Weighing the factors noted above, the Court declines to the entry of judgment on the dismissed claims under Rule 54(b).

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Fed. R. Civ. P. 54(b) Certification for Appeal **(Doc. No. 101, filed 6/6/2012)** (Docketed as a Motion for Certificate of Appealability) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 20, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager